UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| GWENDOLYN MOORE,<br><br>Plaintiff,<br><br>vs.<br><br>GRAPHIC PACKAGING INTERNATIONAL, LLC.,<br><br>Defendant. | 4:19-cv-4112<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff Gwendolyn Moore brings this action for retaliation, discrimination and of violations of law, stating the following claims against the Defendant:

### PARTIES

1. Gwendolyn Moore ("Plaintiff") is a resident of Davison County, South Dakota. The Plaintiff is a person of Asian descent.

2. Graphic Packaging International, LLC is a company formed in Delaware with its principal office in Atlanta, Georgia. It is one of the largest manufacturers of paperboard and paper-based packaging with more than 70 facilities world-wide. It operates a plant in Mitchell, South Dakota.

3. At all relevant times, the Plaintiff was an "employee" of Graphic Packaging within the meaning of 42 U.S.C. § 2000e(f) and S.D.C.L. § 20-13-1. During her employment, the Plaintiff's employment was based in its Mitchell, SD plant.

### JURISDICTION & VENUE

4. This action arises under Title VII of the Civil Rights Act of 1964, as amended at 42 U.S.C. § 2000e *et seq.* ("Title VII"). As such, this Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C.

1

§ 1331.

5. The Plaintiff brings additional claims under the South Dakota Human Relations Act as codified at S.D.C.L. § 20-13-1 *et seq.,* and South Dakota common law. Supplemental jurisdiction is proper for such claims under 28 U.S.C. § 1367.

6. Venue is proper under 28 U.S.C. § 1391 because the events or omissions giving rise to the claims occurred within the Southern Division of the District of South Dakota.

## FACTUAL ALLEGATIONS

7. In July 2015, the Plaintiff was hired as a glue operator in its Mitchell plant.

8. Plaintiff was the only Asian person on her shift.

9. The Plaintiff was qualified for her position and performed in a manner that met the Defendant's expectations for employees.

10. During her employment, Plaintiff was treated differently and less favorably in terms of disciplinary actions and supervisory surveillance than her similarly situated Caucasian employees.

11. Plaintiff's supervisors blamed Plaintiff for her Caucasian co-worker's performance issues.

12. The Defendant instructs its employees that they are expected to report incidents of suspected discrimination, and it provides a hotline so that employees are encouraged to make such reports.

13. During 2016, Plaintiff reported to her supervisor and a department manager that she believed that Caucasian employees had better terms and conditions of employment and she also reported an alleged incident of sexual harassment.

14. In June 2016, Plaintiff first made a report of race discriminatory behavior by a co-worker

to a supervisor after her co-worker had angrily remarked about her ethnicity and said that she didn't speak English. The following day, Plaintiff reported this incident to another supervisor.

15. To the best of Plaintiff's knowledge, nothing was done about her reports of what constitutes a violation of the Defendant's core values and anti-discrimination policies.

16. On December 26, 2016, someone at the Defendant's Mitchell plant used the Defendant's HR hotline number and made an anonymous report about one of Plaintiff's Caucasian co-workers job performance.

17. Other employees told Plaintiff that there were other hotline calls made about this co-worker.

18. While Plaintiff did not make this call, she was blamed for the call by her supervisors.

19. To the best of her knowledge, the report the Defendant received through the hotline was not investigated. Instead, the Defendant launched an investigation to discover who had made the call.

20. Within days after the anonymous call to the HR hotline, Plaintiff's supervisor first confronted Plaintiff and instructed her that she needed to stop calling the office and getting other employees in trouble. Other Caucasian employees were not similarly confronted.

21. On or about January 13, 2017, Plaintiff's supervisor confronted her and hollered at her about an alleged performance issue. Plaintiff reported this incident to another supervisor because she believed it was retaliatory and because she feared that it encouraged other employees to target her.

22. To the best of her knowledge, Plaintiff's report of alleged retaliation was not investigated.

23. On January 23, 2017, despite her performance, the Defendant issued a negative performance review to Plaintiff and she was denied a raise. Plaintiff was placed on a work improvement plan for an allegedly inability to work well with other people on her shift.

24. On March 20, 2017, the Defendant called Plaintiff to the office to present her with a disciplinary action for suspension and a final warning because Plaintiff had allegedly "being disruptive" and "spreading rumors" about her co-worker regarding the hotline call.

25. In or about April 4, 2017, the Defendant continued to assessed Plaintiff's job performance negatively.

26. On June 16, 2017, one of Plaintiff' Caucasian co-worker hollered at Plaintiff in the workplace in violation of the Defendant's Core Value Respect policy. Plaintiff reported the co-worker's policy violation to her supervisor with a request with the specific time of the violation so that the Defendant could review and observe the complained of behavior on its CCTV policy.

27. On June 16, 2017, Plaintiff called the Defendant's HR hotline twice to report that she was subject to different terms and conditions that her co-worker, identifying an exact date and time so that the Defendant could verify her complaint about her co-worker's behavior via its CCTV footage.

28. On June18, 2017, Plaintiff was called into the supervisor's office where she was

4

confronted with an allegation that she had pushed another employee, causing a bruise. Plaintiff denied the allegation and requested that the CCTV footage of the alleged incident be reviewed. During the meeting, Plaintiff again stated that she was treated differently than other employees because of prejudice. Plaintiff was told not to report to work.

29. On June 22, 2017, Plaintiff was called into the office and was told that the CCTV footage did not show her pushing her co-worker.

30. On June 26, 2017, Plaintiff was terminated for allegedly pushing her co-worker.

31. Plaintiff filed her Charge of Discrimination, alleging race discrimination and reprisal, on October 5, 2017.

## CAUSES OF ACTION

### COUNT ONE
**Reprisal Discrimination in Violation of Title VII of the Civil Rights Act of 1964**

32. Plaintiff incorporates the foregoing paragraphs by reference.

33. Title VII, 42 U.S.C. § 2000e-3(a) provides in part that it is an unlawful employment practice for an "employer to discriminate against any of his employees or applicants for employment" or "to discriminate against any individual" "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

34. As described herein, Plaintiff was suspended and ultimately terminated in retaliation for her protected conduct in violation of 42 U.S.C. § 2000e-3.

35. As a direct and proximate result of the Defendant's unlawful conduct, Plaintiff has suffered loss of past and future income and employee benefits, mental anguish, emotional distress,

humiliation, embarrassment, loss of reputation, and other damages in excess of $75,000.

36. Plaintiff is entitled to make a claim of punitive damages because the Defendant committed the alleged conduct with reckless disregard and/or deliberate disregard for her rights and safety.

## COUNT TWO
### Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964

37. Plaintiff incorporates the foregoing paragraphs by reference.

38. 42 U.S.C. § 2000e-2(a)(l) provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or to otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's ... race[.]"

39. The Defendant's conduct described herein violates 42 U.S.C. § 2000e-2.

40. As a result of the Defendant's conduct, Plaintiff has suffered and will continue to suffer past and present loss of income, mental anguish, emotional distress, humiliation, embarrassment, loss of reputation and other damages in an amount in excess of $75,000.

41. Plaintiff is entitled to make a claim of punitive damages because the Defendant committed the alleged conduct with reckless disregard and/or deliberate disregard for her rights and safety.

## COUNT THREE
### Reprisal Discrimination in Violation of The South Dakota Human Relations Act

42. Plaintiff incorporates the foregoing paragraphs by reference.

43. The South Dakota Human Relations Act of 1972 makes it an unfair or discriminatory practice to engage in any reprisal, economic or otherwise, against a person by reason of

his or her protected activity, pursuant to S.D.C.L. § 20-13-26.

44. The Defendant's retaliatory conduct described herein, including its treatment toward the Plaintiff, her suspension and her termination, violates S.D.C.L. § 20-13-26.

45. As a result of the Defendant's violations, Plaintiff has suffered and will continue to suffer damages, including past and present loss of income, mental anguish, emotional distress, humiliation, embarrassment, loss of reputation and other damages.

46. Plaintiff is entitled to make a claim of punitive damages because the Defendant committed the alleged conduct with reckless disregard and/or deliberate disregard for her rights and safety.

## COUNT FOUR
### Race Discrimination in Violation of The South Dakota Human Relations Act

47. Plaintiff incorporates the foregoing paragraphs by reference.

48. The South Dakota Human Relations Act of 1972 makes it an unfair or discriminatory practice to discharge and employee or refuse to hire and applicant because of sex, pursuant to S.D.C.L. § 20-13-10.

49. The Defendant's discriminatory conduct described herein violates S.D.C.L. § 20-13-10.

50. As a result of the Defendant's discriminatory conduct, Plaintiff has suffered and will continue to suffer damages, including past and present loss of income, mental anguish, emotional distress, humiliation, embarrassment, loss of reputation and other damages.

51. Plaintiff is entitled to make a claim of punitive damages because the Defendant committed the alleged conduct with reckless disregard and/or deliberate disregard

for her rights and safety.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff Gwendolyn Moore prays for judgment against Defendant Graphic Packaging International, LLC as follows:

A. That the practices of Defendant complained of in this Complaint be determined to violate the rights secured to the Plaintiff under Title VII, the South Dakota Human Relations Act and South Dakota common law;

B. For all relief available to Plaintiff, including compensatory relief and damages arising from loss of past and future income, benefits, emotional distress, and other damages, with interest on such amounts, and punitive damages in an amount in excess of $75,000;

C. For Plaintiff's attorneys' fees, costs and disbursements incurred herein;

D. For a jury trial on all issues; and

E. For such further and other relief as the Court deems just and equitable.

Dated this 1st day of July, 2019.

JOHNSON POCHOP & BARTLING

/s/ Stephanie E. Pochop
Stephanie E. Pochop
405 Main St. | P.O. Box 149
Gregory, SD 57533
(605) 835-8391
stephanie@rosebudlaw.com
*Attorney for Plaintiff Gwendolyn Moore*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.